IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-4890
Summary Calendar
_____

CHARLES H. GUILLORY, Owner,
obo THE STRATOS MODEL 274FS, and
UNDERWRITERS OF LLOYDS OF LONDON,

Plaintiffs-Appellants,

versus

OUTBOARD MOTOR CORP., ET AL.,

Defendants,

CONNIE DESHOTELS, Etc. and POLICE
JURY EVANGELINE PARISH,

Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Louisiana
_____
(March 23, 1992)

Before REAVLEY, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:

Charles Guillory brought this complaint for exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C. App. §§ 181 *et seq.* The potential liability arises out of a incident that occurred when Guillory was operating his bass boat on the waters of Crooked Creek Reservoir in Louisiana. The district court dismissed the case for lack of subject matter

jurisdiction because Crooked Creek Reservoir is not a navigable waterway. We agree.

The Crooked Creek Reservoir is located in Evangeline Parish, Louisiana, and was created for recreation and flood control by a dam constructed between Crooked Creek and Bayou Nezbique. Crooked Creek is located entirely within Evangeline Parish and the state of Louisiana. Vessels cannot access Bayou Nezbique because of the dam. Nor can they travel interstate to the waters of Crooked Creek. Even before construction of the dam, Crooked Creek was so shallow in depth and overgrown by brush that it was difficult, if not impossible, for any vessel to travel across its waters.

The Limitation of Liability Act does not confer jurisdiction upon federal courts. That must come from our admiralty jurisdiction under U.S. CONST. art. III, § 2 and 28 U.S.C. § 1333(1). Suits lacking any relationship to either navigable waters or traditional maritime activity are without admiralty jurisdiction. *Three Buoys Houseboat Vacations U.S.A., Ltd. v. Morts*, 921 F.2d 775, 777 (8th Cir. 1990), *on remand from*, ____ U.S. ____, 110 S.Ct. 3265 (1990), *vacating and remanding* 878 F.2d 1096 (8th Cir. 1989), *and cert. denied,* ____ U.S. ____, 112 S.Ct. 272 (1991)*; Lewis Charters, Inc. v. Huckins Yacht Corp.*, 871 F.2d 1046, 1050 (11th Cir. 1989).

AFFIRMED.

2